UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JUDY CODDING,<br><br>    Plaintiff,<br><br>v.<br><br>PEARSON EDUCATION, INC.,<br><br>    Defendant. | Case No. 18-cv-00817-LB<br><br>**ORDER ADDRESSING DISCOVERY DISPUTES**<br><br>Re: ECF No. 86 |

The parties raised discovery disputes in a joint letter brief[1] and at a discovery hearing before the court on March 7, 2019. The court addressed the parties' discovery disputes on the record at the hearing. The court issues this order memorializing its guidance from the hearing.

The only requests squarely raised in the joint letter brief were Dr. Codding's requests for:

1. Access to the current version of all PSoC courses[,]
2. Access to the current version of all enVision math courses[,]
3. Access to the current version of all myPerspective ELA courses[,]
4. P&L Statements for all enVision math courses[,]

---

[1] Joint Letter Br. – ECF No. 86-4. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 18-cv-00817-LB

5. P&L Statements for all myPerspective ELA courses[, and]

6. P&L Statements for all other Core Pearson math and ELA courses[.][2]

With respect to requests 1 through 3, Pearson Education stated that it would consider producing to Dr. Codding the current versions of PSoC, enVision math, and myPerspective ELA courses and said that this "may not be a heavy lift." The court directs Pearson Education to consider in good faith producing these courses and to meet and confer with Dr. Codding as necessary and appropriate.

With respect to requests 4 through 6, Pearson Education represented that there are no separate P&L statements for any courses other than PSoC. Absent any evidence to the contrary, the court accepts Pearson Education's representation. The court cannot order Pearson Education to produce what it does not have.

The parties also raised in their letter brief and at the hearing various objections and disputes they have been having more generally regarding discovery. The court offers the following guidance.

First, the court is inclined to allow Dr. Codding some discovery into other courses beyond PSoC. Comparisons with other products may be relevant and necessary to put into perspective Dr. Codding's allegations about what Pearson Education did do, or did not do, regarding PSoC, and to educate the parties with respect to the prospects for settlement or trial. (The court makes this observation without prejudice to the parties' ability to raise arguments regarding relevance and burden with respect to any particular request.)

Second, the parties must comply with Federal Rules of Civil Procedure 34's provisions for issuing document requests. Of course, after issuing requests, the parties can meet and confer and discuss or narrow requests informally. But requests have to be issued formally in the first instance.

Third, if the parties have multiple discovery issues such that the five-page limit for joint letter briefs does not permit them to discuss them with specificity, they may raise separate issues in separate joint letter briefs.

---

[2] *Id.* at 2.

Fourth, for any dispute, the parties must meaningfully meet and confer (including meeting and conferring in person, if counsel are local, or over the phone, if counsel are not, as set out in the court's standing order) before raising the dispute in a joint letter brief. Additionally, the parties should not raise new issues or arguments for the first time right before filing the letter brief with the court. Instead, the parties must first meaningfully meet and confer about the issue and their arguments so as to allow the other side a meaningful opportunity to respond and include its arguments. *Cf. Updateme Inc. v. Axel Springer SE*, No. 17-cv-05054-SI (LB), 2018 WL 5734670, at *4 (N.D. Cal. Oct. 31, 2018) ("[T]he meet-and-confer and joint-letter-brief processes is meant to encourage parties to (1) talk with each other, see each other's positions, try to find areas of compromise, and work out disputes amongst themselves, and (2) narrow, sharpen, and focus the issues they cannot resolve before they present those issues to the court."); *Synopsys, Inc. v. Ubiquiti Networks, Inc.*, No. 17-cv-00561-WHO (LB), 2018 WL 2294281, at *1 (N.D. Cal. May 21, 2018) ("[T]he final joint letter brief should include only the core, central unresolved issues and all of the parties' arguments on those issues (including all the responses they have to the other side's arguments)."). "The overarching principle for all discovery disputes is that the parties have an obligation to negotiate in good faith and cooperate in discovery." *Updateme*, 2018 WL 5734670, at *4 n.21 (citing Synopsys, 2018 WL 2294281, at *1).

**IT IS SO ORDERED.**

Dated: March 7, 2019

_____
LAUREL BEELER
United States Magistrate Judge