UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JUDY CODDING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PEARSON EDUCATION, INC.,<br><br>　　　　Defendant. | Case No. 18-cv-00817-LB<br><br>**ORDER ADJUDICATING JOINT DISCOVERY LETTER BRIEF AND HOLDING CLAIM OF WORK-PRODUCT PROTECTION WAS WAIVED**<br><br>Re: ECF No. 117 |

## INTRODUCTION

Plaintiff Judy Codding filed this breach-of-contract claim against her former employer Pearson Education, Inc. in February 2018.

In the spring and summer of 2018, Dr. Codding sent various text messages and emails to another former Pearson Education employee, Lawrence Singer.[1] Among other things, Dr. Codding forwarded to Mr. Singer communications that she had with her counsel and her husband about her case.[2]

---

[1] Pearson Educ. Mot. for Leave to File Amend. Answer and Countercl. Ex. C – ECF No. 112-1 at 11–18. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 14–15.

ORDER – No. 18-cv-00817-LB

On March 20, 2019, Pearson Education gave notice to Dr. Codding of its intent to issue a subpoena to Mr. Singer (and gave Dr. Codding a copy of its proposed subpoena).[3] On March 26, 2019, pursuant to the subpoena, Mr. Singer produced to Pearson Education his text messages and emails with Dr. Codding (including Dr. Codding's forwarding to him of her communications with her counsel and her husband).[4] On April 4, 2019, Pearson Education filed these text messages and emails as an attachment to its reply brief in support of its motion for leave to file an amended answer and counterclaims.[5]

On April 6, 2019, Dr. Codding requested copies of all documents Pearson Education received in response to any subpoenas.[6] On April 9, 2019, Pearson Education produced Mr. Singer's document production (the same documents it had filed as an exhibit to its reply brief).[7] That same day, Dr. Codding sent Pearson Education an email asserting a claim of work-product protection over Mr. Singer's document production and demanding that Pearson Education delete and destroy any copies thereof, pursuant to Paragraph 5.3 of the Protective Order in this case.[8] Pearson Education maintains that Dr. Codding waived any claim of work-product protection by voluntarily disclosing information to Mr. Singer, which allowed Pearson Education to obtain that information from Mr. Singer.[9]

The court can decide this dispute without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court holds that Dr. Codding waived any claim of work-product protection she might have had over the text messages and emails she sent to Mr. Singer.

---

[3] Joint Letter Br. – ECF No. 117 at 1.

[4] *Id.*; Pearson Educ. Mot. for Leave to File Amend. Answer and Countercl. Ex. C – ECF No. 112-1 at 11–18.

[5] Joint Letter Br. – ECF No. 117 at 1; Pearson Educ. Mot. for Leave to File Amend. Answer and Countercl. Ex. C – ECF No. 112-1 at 11–18.

[6] Joint Letter Br. – ECF No. 117 at 2.

[7] *Id.*

[8] *Id.* (citing Protective Order – ECF No. 78 at 7 (¶ 5.3)).

[9] *Id.* at 2–3.

**ANALYSIS**

**1. Governing Law**

"The work-product doctrine protects 'from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.'" *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (quoting *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir. 1989)). The party asserting work-product protection has the burden of establishing that the work-product doctrine applies to the document or tangible thing in question. *Callwave Commc'ns, LLC v. Wavemarket, Inc.*, No. C 14-80112 JSW (LB), 2015 WL 831539, at *2 (N.D. Cal. Feb. 23, 2015) (citing *Skynet Elec. Co. Ltd. v. Flextronics Int'l, Ltd.*, No. C 12-06317 WHA, 2013 WL 6623874, at *2 (N.D. Cal. Dec. 13, 2013)).

"For work product, 'protection is waived where disclosure of the otherwise privileged documents is made to a third party, and that disclosure enables an adversary to gain access to the information.'" *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 580 (N.D. Cal. 2007) (quoting *United States v. Bergonzi*, 216 F.R.D. 487, 497 (N.D. Cal. 2003)). This may occur where "a party discloses protected information to a third party who is not bound to maintain its confidence, or otherwise shows disregard for the protection by making the information public." *Great Am. Assur. Co. v. Liberty Surplus Ins. Co.*, 669 F. Supp. 2d 1084, 1092 (N.D. Cal. 2009) (internal brackets omitted) (quoting *Bittaker v. Woodford*, 331 F.3d 715, 719, 720 n.4, 722 n.6 (9th Cir. 2003)).

**2. Application**

Dr. Codding sent text messages and emails to Mr. Singer, including messages that forwarded her communications with her counsel and her husband about her case. Dr. Codding made these disclosures voluntarily, and those disclosures enabled Pearson Education to obtain from Mr. Singer these communications. Additionally, Dr. Codding did not object or move to quash Pearson Education's subpoena of Mr. Singer, either when Pearson Education first notified her about the subpoena or at any point until five days after Pearson Education filed the communications as an

attachment to its reply brief. The court holds that Dr. Codding has waived any claim of work-product protection that she might have had over these text messages and emails.

Dr. Codding argues that her text messages and emails contain privileged attorney-client communications.[10] By sending these text messages and emails to Mr. Singer — a third party — Dr. Codding waived any attorney-client privilege she might have had over them. *Pac. Pictures Corp. v. U.S. Dist. Ct. (In re Pac. Pictures Corp.)*, 679 F.3d 1121, 1126–27 (9th Cir. 2012) ("[V]oluntarily disclosing privileged documents to third parties will generally destroy the privilege. The reason behind this rule is that, '[i]f clients themselves divulge such information to third parties, chances are that they would also have divulged it to their attorneys, even without the protection of the privilege.' Under such circumstances, there simply is no justification to shut off judicial inquiry into these communications.") (citations omitted). The fact that Dr. Codding forwarded privileged attorney-client communications to Mr. Singer does not strengthen her claim of work product over these communications; to the contrary, it evidences her disregard for maintaining protection over them.[11]

Dr. Codding also argues that she has an absolute right to communicate with former Pearson Education employees to obtain relevant information about her case.[12] This argument is beside the point. Whether she has the right to communicate with Pearson Education employees does not automatically entitle her to cloak those communications under a claim of work-product protection.

---

[10] Joint Letter Br. – ECF No. 117 at 4.

[11] Dr. Codding cites *Schoenmann v. FDIC*, 7 F. Supp. 3d 1009 (N.D. Cal. 2014), in which the court held that a party litigant who contacted a third party and, through a series of email messages, persuaded the third party to sign a declaration drafted by the party's lawyer did not waive work-product protection over those emails and drafts of the declaration. *Id.* at 1012–14. That case is inapposite. Dr. Codding's disclosures to Mr. Singer — which include communications Dr. Codding had with her counsel and her husband's views on the case — go far beyond the documents at issue in *Schoenmann*.

[12] Joint Letter Br. – ECF No. 117 at 5.

## CONCLUSION

The court holds that Dr. Codding waived any claim of work-product protection she might have had over the text messages and emails she sent to Mr. Singer.[13]

**IT IS SO ORDERED.**

Dated: April 12, 2019

_____
LAUREL BEELER
United States Magistrate Judge

---

[13] Because Dr. Codding does not have a valid claim of work-product protection, her argument that the Protective Order requires Pearson Education to delete or destroy the materials is moot.

ORDER – No. 18-cv-00817-LB          5